

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DARREN TROTTER**
Phone: (212) 356-1662
Fax: (212) 356-2019
dtrotter@law.nyc.gov

January 11, 2021

**BY ECF**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Joseph Corsini v. City of New York, 20-CV-05459 (MKB)(LB)

Dear Judge Brodie:

I am an attorney in the office of James E. Johnson, Corporation Counsel of the City of New York ("City"), counsel for the City in the above-referenced action. Defendant writes to respectfully inform the Court of its intent to move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, defendant respectfully requests a pre-motion conference to discuss the anticipated motion in accordance with Section 3(A) of Your Honor's Individual Practices and Rules.

**FACTUAL BACKGROUND:**

By way of background, plaintiff alleges that the administrative review procedures available for challenging violations issued to him by the New York City Department of Buildings ("DOB") are inadequate and violate his due process rights. Specifically, on September 20, 2016, DOB issued plaintiff two summonses for violating New York City Administrative Code ("Administrative Code") § 28-501.1 by constructing a pigeon coop on the roofs of two adjacent buildings without first obtaining a permit. The violations were deemed Class 1 Immediately Hazardous Violations, which required immediate corrective action because of the seriousness of the danger posed by the violation.[1]

On November 19, 2016, approximately two months after the initial violations were issued, DOB issued plaintiff two summonses for his failure to remediate the immediately hazardous condition and file a Certificate of Correction with DOB for each of the September 20, 2016

---

[1] As detailed in the summonses, plaintiff could remediate the immediately hazardous condition by: (1) obtaining a permit for the structure on top of the adjacent buildings or (2) restoring the buildings to their prior legal condition by removing the illegally constructed structure.

violations as required by Section § 102-01(c) of the Rules of the City of New York ("RCNY"). On December 14, 2016, February 2, 2017, and April 5, 2017, plaintiff was issued additional summonses based on his continued failure to remediate the hazardous condition first identified in the September 20, 2016 summonses. Each of the summonses, with the exception of those violations issued on December 14, 2016,[2] set a hearing date at OATH at which plaintiff or his representative was required to appear. Plaintiff's representative appeared at hearings at OATH on January 3, 2017, March 21, 2017, and November 21, 2017. Following issuance of adverse decisions by an OATH Administrative Law Judge ("ALJ"), plaintiff did not pursue an administrative appeal at OATH or seek judicial review via an Article 78 proceeding.

**LEGAL BASIS FOR DISMISSAL**:

Plaintiff fails to plausibly allege a violation of his procedural due process rights. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011). To determine what process is due, the court must balance the factors set forth in Mathews v. Eldridge: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation…through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976) ("Mathews").

In this context, to survive a motion to dismiss, plaintiffs must "plausibly state a claim that the form of review afforded through the [OATH] administrative process, together with a state Article 78 proceeding, is inadequate for due process purposes." Nestle Waters N. Am., Inc. v. City of N.Y., 15 Civ. 05189 (ALC), 2016 U.S. Dist. LEXIS 70694, at *19 (S.D.N.Y. May 25, 2016), aff'd 689 F. App'x 87 (2d Cir. 2017) (summary order); see also Muladzhanov v. City of N.Y., 18 Civ. 00930 (RRM) (ST), 2020 U.S. Dist. LEXIS 45273, at *10 (E.D.N.Y. Mar. 16, 2020) ("In reviewing the motion and the Complaint, this Court must consider the pre-and post-deprivation remedies under both the administrative and state judicial systems as a whole.") (citations omitted).

The administrative adjudication of violations issued by DOB clearly comports with procedural due process. As to the first Mathews factor, plaintiff's property interests in "his home, his earnings, income, and capital," are not entitled to significant weight as OATH ALJ determinations are subject to an administrative appeal and Article 78 review. Cf. Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982) (plaintiff has substantial interest in retaining employment where government agency determination is not subject to judicial review). Second, the risk of an erroneous deprivation is minimal as plaintiff was provided with the opportunity to: respond to the charges set forth in the DOB violations in person at a hearing, see 48 RCNY § 6-09, administratively appeal any resulting adverse decision, see 48 RCNY § 6-19, and seek judicial review via an Article 78 proceeding. See 48 RCNY § 6-19(g)(2).[3] As to the third Mathews factor,

---

[2] The December 14, 2016 violations are what the Complaint deems "unreviewable" violations.

[3] Plaintiff also repeatedly claims that he was issued "two unreviewable violations" dated December 14, 2020. See e.g. Complaint ¶ 102. This claim is misplaced. The two summonses plaintiff classifies as unreviewable, those issued on

it is beyond dispute that the governmental interest involved here—protecting the public from imminently hazardous violations of the building code—is of paramount importance.[4]

Plaintiff's apparent substantive due process claim, see Complaint ¶ 125, fares no better. "[T]o establish a violation of a right to substantive due process, a plaintiff must demonstrate … that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998)). Substantive due process "does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative actions." Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999). In addition to showing conscience shocking government actions, plaintiff must also show "that the scheme challenged served no legitimate state interest." Rackley v. City of New York, 186 F. Supp. 2d 466, 480 (S.D.N.Y. 2002). Here, plaintiff fails to plausibly allege facts to support his conclusion that defendant's actions were malicious, let alone so egregious that they shock the conscience. Moreover, plaintiff fails to allege that the regulatory framework in which DOB inspects conditions in buildings and issues violations that are adjudicated at OATH when hazardous conditions are observed serves no legitimate interest. As such, any substantive due process claim fails as a matter of law.[5]

---

December 14, 2016, which penalized plaintiff for failing to file a Certificate of Correction certifying that the immediately hazardous condition has been remediated, are predicated upon the September 20, 2016 summonses issued by DOB, which required remediation of the immediately hazardous condition identified therein forthwith. The validity of the fines imposed by the December 14, 2016 summonses is tethered to the outcome of plaintiff's challenge of the predicate summonses. If plaintiff were to prevail in his administrative challenge of the September 20, 2016 summonses, the December 14, 2016 summonses would necessarily have been dismissed as well. Accordingly, plaintiff's claim that these summonses are unreviewable is wholly inaccurate.

[4] Plaintiff, absent any support, makes a series of additional unavailing arguments that do not alter the absence of a viable procedural due process claim. See Complaint ¶120. First, plaintiff claims that his due process rights were violated because the hearing did not adhere to the requirements of the CPLR. However, [i]t is well settled under federal and state law that due process considerations do not require the full array of procedural tools available to civil litigants be afforded to a plaintiff in an administrative hearing." Damino v. O'Neill, 702 F. Supp. 949 (E.D.N.Y. 1987). Second, plaintiff alleges, absent elaboration, that the absence of a forum for consideration of constitutional questions deprived plaintiff of due process. See Complaint ¶ 120. However, there is nothing that prevented plaintiff from raising constitutional questions at an administrative hearing or in a subsequent Article 78 proceeding. Pascazi v. Rivera, 2015 U.S. Dist. LEXIS 23361, *13 (S.D.N.Y. 2015) ("Individuals who bring Article 78 proceedings to challenge determinations against them are free to raise constitutional claims in such proceedings.") (citations omitted). Moreover, federal courts have repeatedly held that, in the context of federal administrative law, "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Guerra v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 93042, *7 (S.D.N.Y. 2013) (citations and quotations omitted). Third, plaintiff alleges that defendant failed to provide plaintiff notice of what was required to come into compliance after the violations were issued. However, as the complaint makes clear, resolution of the immediately hazardous conditions identified in the issued violations could be accomplished by either (1) retroactively obtaining a permit for the pigeon coop or (2) removing the illegal structure.

[5] Defendant reserves the right to raise additional arguments in its memorandum of law.

Defendant thanks the Court for its consideration of this request.

> Respectfully submitted,
>
> _____/s/_____
>
> Darren Trotter
> Assistant Corporation Counsel

cc: All Parties (By ECF)