

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DARREN TROTTER**<br>Phone: (212) 356-1662<br>Fax: (212) 356-2019<br>dtrotter@law.nyc.gov |

March 17, 2021

**BY ECF**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Joseph Corsini v. City of New York, 20-CV-05459 (MKB)(LB)

Dear Judge Brodie:

  I am an attorney in the office of James E. Johnson, Corporation Counsel of the City of New York ("City"), counsel for the City in the above-referenced action. Defendant writes to respectfully inform the Court of its intent to move to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, defendant respectfully requests a pre-motion conference to discuss the anticipated motion in accordance with Section 3(A) of Your Honor's Individual Practices and Rules.

**F**ACTUAL **B**ACKGROUND**:**

  By way of background, plaintiff alleges that the administrative review procedures available for challenging violations issued to him by the New York City Department of Buildings ("DOB") are inadequate and violate his due process rights. Specifically, on September 20, 2016, DOB issued plaintiff two summonses ("predicate summonses") for violating New York City Administrative Code ("Administrative Code") § 28-501.1 by constructing a pigeon coop on the roofs of two adjacent buildings without first obtaining a permit.[1]

  On November 19, 2016, approximately two months after the initial violations were issued, DOB issued plaintiff two summonses for his failure to remediate the immediately hazardous condition and file a Certificate of Correction with DOB for each of the September 20, 2016 violations as required by Section § 102-01(c) of the Rules of the City of New York ("RCNY"). On December 14, 2016, DOB issued plaintiff two DOB Civil Penalties for his failure to certify correction of the violations identified in the predicate summonses. On February 2, 2017, and April

---

[1] The violations were deemed Class 1 Immediately Hazardous Violations, which required immediate corrective action because of the seriousness of the danger posed by the violation. As detailed in the summonses, plaintiff could remediate the immediately hazardous condition by: (1) obtaining a permit for the structure on top of the adjacent buildings or (2) restoring the buildings to their prior legal condition by removing the illegally constructed structure.

5, 2017, plaintiff was issued additional summonses based on his continued failure to remediate the hazardous condition first identified in the September 20, 2016 summonses. Each of the summonses set a hearing date at the New York City Office of Administrative Trials and Hearings ("OATH"). Plaintiff's representative appeared at hearings at OATH on January 3, 2017, March 21, 2017, and November 21, 2017.[2] At each hearing, DOB's representative moved to reduce the violations delineated in the summonses to a Class 2 violation. As a result of this reduction in classification, the DOB Civil Penalties were rendered unenforceable and dismissed by DOB. Thereafter, plaintiff did not pursue an administrative appeal or seek judicial review via an Article 78 proceeding.

**LEGAL BASIS FOR DISMISSAL**:

Plaintiff fails to plausibly allege a violation of his procedural due process rights. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011). To determine what process is due, the court must balance the factors set forth in Mathews v. Eldridge: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation…through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976) ("Mathews").

In this context, to survive a motion to dismiss, plaintiffs must "plausibly state a claim that the form of review afforded through the [OATH] administrative process, together with a state Article 78 proceeding, is inadequate for due process purposes." Nestle Waters N. Am., Inc. v. City of N.Y., 15 Civ. 05189 (ALC), 2016 U.S. Dist. LEXIS 70694, at *19 (S.D.N.Y. May 25, 2016), aff'd 689 F. App'x 87 (2d Cir. 2017) (summary order); see also Muladzhanov v. City of N.Y., 18 Civ. 00930 (RRM) (ST), 2020 U.S. Dist. LEXIS 45273, at *10 (E.D.N.Y. Mar. 16, 2020) ("In reviewing the motion and the Complaint, this Court must consider the pre-and post-deprivation remedies under both the administrative and state judicial systems as a whole.") (citations omitted).

The administrative adjudication of violations issued by DOB clearly comports with procedural due process. As to the first Mathews factor, plaintiff's property interests in "his home, his earnings, income, and capital," are not entitled to significant weight as OATH ALJ determinations are subject to an administrative appeal and Article 78 review. Cf. Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982) (plaintiff has substantial interest in retaining employment where government agency determination is not subject to judicial review). Second, the risk of an erroneous deprivation is minimal as plaintiff was provided with the opportunity to: respond to the charges set forth in the DOB violations in person at a hearing, see 48 RCNY § 6-09, administratively appeal any resulting adverse decision, see 48 RCNY § 6-19, and seek judicial review via an Article 78 proceeding. See 48 RCNY § 6-19(g)(2).[3] As to the third Mathews factor,

---

[2] At the hearings, petitioner's representative did not dispute the validity of the charges set forth in each of the summonses.

[3] Plaintiff also repeatedly claims that he was issued "two unreviewable violations" dated December 14, 2020. See e.g. FAC ¶ 109. This claim is misplaced. The two DOB Civil Penalties plaintiff classifies as unreviewable, those issued

it is beyond dispute that the governmental interest involved here—protecting the public from imminently hazardous violations of the building code—is of paramount importance.[4]

Plaintiff's apparent substantive due process claim, see FAC ¶ 144, fares no better. "[T]o establish a violation of a right to substantive due process, a plaintiff must demonstrate … that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998)). Substantive due process "does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative actions." Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999). In addition to showing conscience shocking government actions, plaintiff must also show "that the scheme challenged served no legitimate state interest." Rackley v. City of New York, 186 F. Supp. 2d 466, 480 (S.D.N.Y. 2002). Here, plaintiff fails to plausibly allege facts to support his conclusion that defendant's actions were malicious, let alone so egregious that they shock the conscience. Moreover, plaintiff fails to allege that the regulatory framework in which DOB inspects conditions in buildings and issues violations that are adjudicated at OATH when hazardous conditions are observed serves no legitimate interest. As such, any substantive due process claim fails as a matter of law.[5]

---

on December 14, 2016, which penalized plaintiff for failing to file a Certificate of Correction certifying that the immediately hazardous condition has been remediated, are based upon the predicate summonses, which required remediation of the immediately hazardous condition identified therein. The validity of the fines imposed by DOB Civil Penalties is tethered to the outcome of plaintiff's challenge of the predicate summonses. As such, they are subject to the same administrative review as the summons upon which they are based. This is evidenced by plaintiff's own experience. Specifically, when DOB moved to reduce the violation classifications in the predicate summonses, the DOB Civil Penalties were rendered unenforceable and dismissed. Furthermore, plaintiff's claims that DOB Civil Penalties are unreviewable are belied by the procedures set forth 1 RCNY § 102-04, which details procedures for seeking a reduction or waiver of a DOB Civil Penalty.

[4] Plaintiff makes a series of additional unavailing arguments that do not alter the absence of a viable procedural due process claim. See FAC ¶ 124. First, plaintiff claims that his due process rights were violated because the hearing did not adhere to the requirements of the CPLR. However, [i]t is well settled under federal and state law that due process considerations do not require the full array of procedural tools available to civil litigants be afforded to a plaintiff in an administrative hearing." Damino v. O'Neill, 702 F. Supp. 949 (E.D.N.Y. 1987). Second, plaintiff alleges, absent elaboration, that the absence of a forum for consideration of constitutional questions deprived plaintiff of due process. See FAC ¶ 124. However, there is nothing that prevented plaintiff from raising constitutional questions at an administrative hearing or in a subsequent Article 78 proceeding with an accompanying claim for declaratory relief. See FAC ¶ 84; Pascazi v. Rivera, 2015 U.S. Dist. LEXIS 23361, *13 (S.D.N.Y. 2015) ("Individuals who bring Article 78 proceedings to challenge determinations against them are free to raise constitutional claims in such proceedings.") (citations omitted). Moreover, federal courts have repeatedly held that, in the context of federal administrative law, "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Guerra v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 93042, *7 (S.D.N.Y. 2013) (citations and quotations omitted). Third, plaintiff alleges that defendant failed to provide plaintiff notice of what was required to come into compliance after the violations were issued. However, as the FAC makes clear, what was required to come into compliance was clearly stated on the face of the predicate summonses. See FN 1, supra. Fourth, the FAC focuses heavily on the fact that an administrative appeal is conditioned on the payment of fines imposed by the ALJ. However, it is well settled that the requirement "that fines be paid or a bond posted after taking an appeal of a determination after a hearing is constitutional." All Aire Conditioning, Inc. v. City of New York, 979 F. Supp. 1010, 1015 (S.D.N.Y. 1997) aff'd, 166 F.3d 1199 (2d Cir. 1998).

[5] Defendant reserves the right to raise additional arguments in its memorandum of law.

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

_____/s/_____

Darren Trotter
Assistant Corporation Counsel

cc: All Parties (By ECF)